```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                     SOUTHERN DISTRICT OF ILLINOIS


CHRISTOPHER BRYAN,              )
                                )
     Plaintiff,                 )
                                )
vs.                             )      No.
                                )
INLAND MARINE SERVICES, INC.,   )
Serve: Registered Agent         )
     Corporate Office           )      Bench Trial Demanded
     1700 Petersburg Road       )
     Hebron, KY 41048           )
                                )
     Defendant.                 )
```

## COMPLAINT

    Comes now Plaintiff, Christopher Bryan, ("Plaintiff"), by and through undersigned counsel, and for his Complaint against Defendant, Inland Marine Services, Inc., ("Defendant") states as follows:

### COUNT I - JONES ACT NEGLIGENCE

    1.   Plaintiff, at all times herein mentioned, was and is an individual and resident of the State of Illinois and resides at 37 Adams Avenue, East Carondelet, Illinois.

    2.   Defendant is a corporation organized and existing under the laws of the State of Kentucky and is licensed to do business in the State of Illinois. Defendant further maintains an office on West Second Street, East Carondelet, Illinois.

1

3. Defendant is engaged in the business of operating vessels on the navigational water ways of the United States and in providing towing services and operating vessels at fleets, terminals and harbors on the Mississippi River system.

4. This case arises out of an injury which occurred on the Illinois side of the Mississippi River near East Carondelet, Illinois while Plaintiff was employed by Defendant.

5. This Court has subject matter of jurisdiction pursuant to 28 United States Code §1333 and 46 United States Code, Section 688 et. seq., commonly known as the *Jones Act*.

6. Venue is proper in the Southern District of Illinois in that all of the activities complained of occurred within the Southern District of Illinois.

7. That at all times hereinafter mentioned, Defendant owned and/or was operating a tugboat named the *Cindy L*.

8. That on October 2, 2014, the Plaintiff was employed as a deck hand working on the barges and tugboats under the direction and control of the Defendant.

9. That on October 2, 2014, Plaintiff was in the galley area of the *Cindy L* when the rear of the *Cindy L* got caught underneath a barge which was adjacent to the *Cindy L* causing a computer cooler to slide across the galley floor. In so sliding across the galley floor, the computer cooler struck the Plaintiff and forced him into a counter top on the opposite side of the

galley from the initial location of the computer cooler.

10. That the Defendant, by and through its agents, servants and employees was negligent in one or more of the following respects:

    a. The captain was negligent in failing to keep the *Cindy L* under control, causing the rear of the *Cindy L* to become temporarily lodged underneath the barge adjacent to the *Cindy L*;

    b. In not properly securing the computer cooler to the galley and thus allowing it to slide across the galley floor.

11. As a direct and proximate result of the negligence of the Defendant, Plaintiff sustained serious, permanent and disabling injuries to his low back, requiring a L4-5 laminectomy and posterior lumbar interbody fusion with instrumentation.

12. Further, as a direct and proximate result of the negligence of the Defendant:

    a. Plaintiff has incurred lost money in the form of past wages and is reasonably certain to lose wages in the future;

    b. Plaintiff suffered a loss of earning capacity;

    c. Plaintiff has incurred medical expenses and will incur future medical expenses;

    d. Plaintiff has incurred pain and suffering as well

as disability, including loss of enjoyment of activities of normal life and will continue to incur pain, suffering and the inability to resume a normal life and to earn sufficient wages.

WHEREFORE, Plaintiff, Christopher Bryan, prays judgment against the Defendant, Inland Marine Services, Inc. in a sum in excess of Fifteen Million Dollars ($15,000,000.00); together with his costs in this behalf expended; prejudgment interest; and for such other and further relief as this Court deems just, meet and proper.

<u>COUNT II - UNSEAWORTHINESS</u>
<u>(GENERAL ADMIRALTY AND MARITIME LAW)</u>

13.   Plaintiff restates and incorporates by reference the allegations set forth in paragraphs 1 through 12 as if set forth fully herein.

14.   Plaintiff brings Count II of ths Complaint for admiralty and maritime pursuant to Fed. R. Civ. Pro. 9(h).

15.   Defendant's vessel during the aforementioned time was unseaworthy and not reasonably fit for its intended purpose.

16.   That as a direct and proximate result of the unseaworthiness of the *Cindy L*, Plaintiff suffered the injuries as set forth in Count I above.

WHEREFORE, Christopher Bryan, prays judgment against the Defendant, Inland Marine Services, Inc. in a sum in excess of Six

Million Dollars ($6,000,000.00); together with his costs in this behalf expended; prejudgment interest; and for such other and further relief as this Court deems just, meet and proper.

    /s/ Joseph V. Neill
Joseph V. Neill
Attorney for Plaintiff
5201 Hampton Avenue
St. Louis, Missouri 63109
Phone: (314) 353-1001
Fax:   (314) 353-0181
E-Mail: neill5300@aol.com

    /s/ Reiad M. Khouri
Reiad M. Khouri
Co-Counsel for Plaintiff
5205 Hampton Avenue
St. Louis, Missouri 63109
Telephone: (314) 932-7671
Facsimile: (314) 932-7672
rmk@khourilawfirm.com